# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| CLAUNCE MAZYCK, | ) |
| | ) |
| Petitioner, | ) No. 2:14-cv-0844-DCN |
| | ) |
| vs. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

This matter is before the court on petitioner Claunce Mazyck's ("Mazyck") motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255, ECF No. 426. The government filed a motion to dismiss or, in the alternative, for summary judgment, ECF No. 433. For the reasons set forth below, the court denies Mazyck's petition and grants the government's motion for summary judgment.

## I. BACKGROUND

On December 9, 2014, Mazyck was one of four co-defendants named in an indictment charging Mazyck with interstate drug trafficking in violation of 18 U.S.C. § 1951(b)(3), possession of a firearm in furtherance of a violent crime in violation of 18 U.S.C. § 924(c), and possession of a firearm after conviction of a felony in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). A second superseding indictment was returned on July 15, 2016, which charged different counts, including one count of Hobbs Act Robbery in violation of 18 U.S.C. § 1951.

On November 17, 2017, Mazyck pled guilty to Count 1 of the second superseding indictment for Hobbs Act Robbery pursuant to a written plea agreement. Mazyck's written plea agreement contained a provision pursuant to Federal Rule of Criminal

1

Procedure 11(c)(1)(C) that established a sentencing range between a minimum term of imprisonment of 120 months and a maximum term of 240 months. The written plea agreement also contained a provision under which Mazyck agreed to waive his right to contest his conviction and sentence on direct appeal or by collateral post-conviction attack, including attack by petition pursuant to 28 U.S.C. § 2255. On May 17, 2017, the court sentenced Mazyck to a term of imprisonment of 180 months and entered judgment on May 23, 2017.

On May 2, 2018, Mazyck, acting pro se, filed the instant motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. ECF No. 426. On July 20, 2018, the government filed a motion to dismiss the petition. ECF No. 433. Mazyck responded to the motion to dismiss on August 27, 2018. ECF No. 443.

## II. STANDARD

Federal district courts are charged with liberally construing petitions filed by pro se litigants to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980). Pro se petitions are therefore held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Liberal construction, however, does not mean that a court may ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.3d 387, 390-91 (4th Cir. 1990).

Pursuant to 28 U.S.C. § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is

otherwise subject to collateral attack, may move the court which imposed
the sentence to vacate, set aside or correct the sentence.

The petitioner must prove the grounds for collateral attack by a preponderance of the evidence.[1] See King v. United States, 2011 WL 3759730, at *2 (D.S.C. Aug. 24, 2011) (citing Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)).

If, on a motion to dismiss, the court considers matters outside of the pleadings, such as a party's supporting memoranda and attachments, the court treats the motion as one for summary judgment. Fed. R. Civ. P. 12(d). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

### III. DISCUSSION

Mazyck challenges his conviction and sentence on three grounds. First, Mazyck argues that his counsel rendered ineffective assistance by failing to file a direct appeal of his sentence to the Fourth Circuit. Second, Mazyck argues that his counsel rendered ineffective assistance by "negligently coercing" his guilty plea. ECF No. 426 at 5. Third, Mazyck advances a purely legal argument, arguing that the court incorrectly enhanced his sentence based on reckless endangerment. A critical issue in resolving Mazyck's petition is whether he entered into his plea agreement and the waiver provision

---

[1] In deciding a § 2255 petition, the court shall grant a hearing, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The court has reviewed the record in this case and has determined that a hearing is not necessary.

contained therein knowingly and voluntarily. Therefore, the court addresses this preliminary issue first and then specifically addresses each ground of Mazyck's petition, finding that each warrants summary judgment.

### A. Mazyck's Plea Agreement

Each of Mazyck's arguments implicates the issue of whether he entered into his plea agreement knowingly and voluntarily. A defendant's solemn declarations in open court affirming his voluntary entry into a plea agreement "carry a strong presumption of verity" and "present a formidable barrier in any subsequent collateral proceedings." United States v. White, 366 F.3d 291, 295 (4th Cir. 2004) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977) (internal quotation marks omitted). Therefore, "in the absence of extraordinary circumstances . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (quoting Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975)).

Mazyck has presented no evidence that his attorney coerced him to plead guilty. Nor is there any indication that Mazyck did not enter into his plea agreement knowingly and voluntarily, aside from his allegation in his petition that he was "coerced." Mazyck entered into a plea agreement and affirmed in open court that he did so willingly, voluntarily, with full knowledge of the plea's consequences, and satisfied with his counsel's performance:

> THE COURT: Have you had enough time to discuss this case with your attorney?
>
> MAZYCK: Yes, sir.

> THE COURT: You are satisfied with everything that your attorney has done?
>
> MAZYCK: Yes, sir.

ECF No. 468 at 4.

> THE COURT: Having discussed all of [your relevant] rights with you, do you still wish to plead guilty?
>
> MAZYCK: Yes, sir.

Id. at 7.

> THE COURT: Has anyone threatened you or forced you in any way to plead guilty?
>
> MAZYCK: No, sir.

Id. at 13. Therefore, having presented no evidence to the contrary, Mazyck's statements in open court establish the voluntariness of his plea. Accordingly, the court finds Mazyck entered into his plea agreement knowingly and voluntarily.

Next, the court considers whether Mazyck's waiver of certain rights in his plea agreement was knowing and voluntary. Courts in the Fourth Circuit uphold a defendant's waiver of his right to appeal or collaterally attack his conviction and sentence, so long as "the defendant knowingly and intelligently agreed to waive the right[s]" under the totality of the circumstances. United States v. Blick, 408 F.3d 162, 167 (4th Cir. 2005); United States v. Attar, 38 F.3d 727, 731–33 (4th Cir. 1994). Affirmation in open court that a waiver is made knowingly and voluntarily is "wholly sufficient" to establish a waiver's validity. United States v. Wiggins, 905 F.2d 51, 54 (4th Cir. 1990).

Mazyck's written plea agreement includes the following provision:

> 8. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or

> sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, <u>waives the right to contest either the conviction or the sentence in any direct appeal</u> or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct. This Agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

ECF No. 349 at ¶ 8 (emphasis added). Mazyck has not specifically contested the validity of this waiver. Moreover, his statements in open court affirm his knowledge of its consequences:

> THE GOVERNMENT: Paragraph 8 is important because in that it outlines the defendant's rights to contest either a conviction or a sentence. He acknowledges those rights, but in exchange for the concessions made by the government, waives the right to contest the conviction or sentence in either a direct appeal or post-conviction action. This waiver doesn't apply and it is limited -- does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct.
>
> THE COURT: Stop right there, if you would. Mr. Mazyck, you understand that paragraph concerning what you are waiving?
>
> MAZYCK: Yes, sir.
>
> THE COURT: And, counsel, you have been over all that with him?
>
> MR. ADAMS: Yes, sir.
>
> THE COURT: Thank you very much.

ECF 468 at 16. Therefore, Mazyck, in his plea agreement, validly waived his right to appeal his sentence and his right to collaterally attack his sentence through a 2255 petition.

### B. Failure to File Appeal

Mazyck contends that his attorney's failure to file an appeal after Mazyck requested that he do so constitutes ineffective assistance of counsel. The Supreme Court

6

in Strickland v. Washington, 466 U.S. 668 (1984), announced a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. "To establish cause for [a] default based upon ineffective assistance of counsel, [petitioner] must show that [(1)] [his] attorney['s] performance fell below an objective standard of reasonableness and [(2)] that [he] suffered prejudice as a result." United States v. Mikalajunas, 186 F.3d 490, 492 (4th Cir. 1999) (citing Strickland, 466 U.S. at 687). "There is a strong presumption that counsel's performance falls within the 'wide range of professional assistance,' [and] the defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms . . . ." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986) (quoting Strickland, 466 U.S. at 688–689). Courts must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. Strickland, 466 U.S. at 689–90.

Mazyck's claim for ineffective assistance of counsel fails because he has not presented any evidence that his attorney's failure to file a direct appeal constitutes conduct that "fell below an objective standard of reasonableness." Mikalajunas, 186 F.3d at 492. Mazyck contends that he requested an appeal from his attorney on the basis that the court incorrectly enhanced his sentence in violation of his constitutional rights.[2] His counsel's failure to comply with this request, Mazyck argues, rendered his representation constitutionally deficient. Discussed above, Mazyck made a knowing and voluntarily

---

[2] Whether Mazyck actually requested that his attorney perfect an appeal of his sentence is disputed. However, because such an appeal would have been futile, Mazyck's attorney's failure to so file, whether requested by Mazyck or not, was objectively reasonable as a matter of law.

waiver of his right to appeal his conviction or sentence in his plea agreement. As such, a direct appeal on the basis that the court incorrectly enhanced Mazyck's sentence would clearly be futile. Thus, Mazyck's counsel's failure to file an appeal does not constitute performance below the objective standard of reasonableness as a matter of law. Mazyck's ineffective assistance of counsel claim on this ground must be rejected.

Moreover, Mazyck's ineffective assistance of counsel claim fails because he has no constitutional right to bring a frivolous appeal. An ineffective assistance of counsel claim can stand only where a defendant had a constitutional right to counsel during the allegedly deficient performance. Wainwright v. Torna, 455 U.S. 586, 587–88 (1982); Coleman v. Thompson, 895 F.3d 139, 144 (4th Cir. 1990). It is well-settled that a defendant's right to appointed counsel extends "to the first appeal of right, and no further." Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). The right to first-level appellate review, however, does not include the right to bring a frivolous appeal. Smith v. Robbins, 528 U.S. 259, 278 (2000). Discussed above, the waiver provision of Mazyck's plea agreement would render his proposed appeal frivolous. Therefore, Mazyck has no right to counsel for this appeal, and as such it cannot serve as a basis for his ineffective assistance of counsel claim.

Mazyck argues that because a defendant cannot waive claims of ineffective assistance of counsel in plea proceedings, the entire breadth of his waiver is irrelevant to his petition. Not so. To be sure, Mazyck is correct that a defendant cannot waive his right to challenge the adequacy of his assistance of counsel in a plea agreement. In fact, the waiver provision in Mazyck's plea agreement specifically states that it does not cover claims of ineffective assistance of counsel or prosecutorial misconduct. As such, Mazyck

has not waived his right to challenge his counsel's assistance, and his claim is properly before this court. A defendant's right to appeal his sentence, however, may be properly waived in plea proceedings, and Mazyck waived this right knowingly and voluntarily. Therefore, Mazyck's waiver of his right to an appeal is valid and renders his proposed appeal futile. Because his appeal would be futile, Mazyck cannot make a showing that his counsel's failure to file that appeal rendered his performance constitutionally deficient. As such, the court rejects this ground for Mazyck's petition.

### C. Improper Influence over Plea

Mazyck next argues that his counsel rendered ineffective assistance by "negligently coercing" his guilty plea:

> Petitioner avers here, that Counsel Christopher W. Adams has rendered ineffective assistance of counsel for negligently coercing a Rule 11(c)(1)(C) guilty plea. Petitioner's position is that Mr. Adams 'knew' that the (C) plea was a disadvantaged plea that was inapposite of the guideline sentence that Petitioner 'could have received'. Instaed [sic] of negotiating for a more suitable plea during the critical stages of the case, Mr. Adams presented a meaningless argument to the court in a sentencing memorandum that pressented [sic] an argument that actually argued for a lesser (correct) sentence when knowing that the argument was meaningless; especially after the entering of the (c) plea. Mr. Adams never advised Petitioner to withdraw the plea, nor did Mr. Adams motion to the Court to have the plea withdrawn for his client.

ECF No. 426 at 5.

Construing Mazyck's petition liberally, the court considers both whether Mazyck was coerced into entering a guilty plea and whether his counsel was so negligent in advising Mazyck with respect to his plea that his performance was constitutionally deficient. Based on his statements to the court during his plea proceeding and the absence of any evidence to the contrary, the court found above that Mazyck entered into

9

his plea knowingly and voluntarily. Mazyck's contention that he was "coerced" into his plea agreement is therefore rejected.

Next, the court considers whether Mazyck's counsel's representation of him with respect to Mazyck's decision to enter into his plea agreement was so negligent that it rendered his performance constitutionally deficient. The Second Superseding Indictment charged Mazyck with crimes that carried successive sentences of thirty-five years to life. The plea agreement negotiated by Mazyck's counsel and the government contained a non-binding stipulation that established an advisory guidelines sentencing range between a minimum term of imprisonment of 121 and a maximum term of imprisonment of 151 months. The plea agreement also contained a provision pursuant to Rule 11(c)(1)(C) that established a sentencing range between 120 and 240 months. The court sentenced Mazyck to a term of imprisonment of 180 months. Mayzck's actual sentence was significantly less than the sentence he would have faced had he not entered into a plea, and less than the upper limit of the range of permissible sentences the court could have imposed. Moreover, the plea agreement recommended a sentence well within the Rule 11(c)(1)(C) sentencing range, contrary to Mazyck's allegations. Therefore, the court finds that Mazyck's counsel's performance with respect to the plea agreement was not deficient, and Mazyck's petition on this ground is rejected.

**D. Guideline Enhancement**

As the final ground for his petition, Mazyck argues that the court erred in applying a two-level guideline enhancement to his sentencing. Discussed above, Mazyck's plea agreement included a provision under which Mazyck agreed to waive his right to collaterally attack his conviction and sentence. This agreement specifically

waived his right to challenge his conviction or sentence through "any proceedings under 28 U.S.C. § 2255." ECF No. 349 at ¶8. Because the waiver was made knowingly and voluntarily, Mazyck waived his right to challenge his sentence through a 2255 petition. Mazyck's argument that he was improperly sentenced is purely legal and asserts neither improper assistance of counsel nor prosecutorial misconduct. Accordingly, Mazyck has waived his right to attack his conviction or sentence on this ground and his petition is barred. Having found each ground of Mazyck's 2255 petition without merit, the court denies the petition and grants the government's motion for summary judgment.

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by establishing that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003). Here, Mazyck does not meet this standard because there is nothing debatable about the court's resolution of his 2255 petition.

## IV. CONCLUSION

For the foregoing reasons the court **GRANTS** the government's motion for summary judgment and **DISMISSES** Mazyck's petition. A certificate of appealability is **DENIED**.

    **AND IT IS SO ORDERED.**

                                              **DAVID C. NORTON**
                                              **UNITED STATES DISTRICT JUDGE**

**November 20, 2019**
**Charleston, South Carolina**